IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ERNEST WAYNE DODSON, JR.,                    Civil No. 06-388-HU

           Petitioner,              FINDINGS AND RECOMMENDATION

     v.

JEAN HILL,

           Respondent.


     THOMAS J. HESTER
     Office of the Federal Public Defender
     101 SW Main Street, Suite 1700
     Portland, OR  97204

          Attorney for Petitioner

     HARDY MYERS
     Attorney General
     LYNN DAVID LARSEN
     Assistant Attorney General
     Oregon Department of Justice
     1162 Court Street, NE
     Salem, OR  97301

          Attorneys for Respondent


     1 - FINDINGS AND RECOMMENDATION

HUBEL, Magistrate Judge.

Petitioner, an inmate at Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1997 convictions alleging he received ineffective assistance of trial counsel. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) should be denied and this proceeding dismissed.

<u>BACKGROUND</u>

In 1997, following a jury trial, Petitioner was convicted (10-2) of Sexual Abuse in the First Degree (three counts) and Sodomy in the First Degree (two counts) for incidents involving his daughter. (Respt.'s Ex. 101.) Petitioner was sentenced to 250 months of imprisonment. (Id.) Petitioner directly appealed his conviction, but the Oregon Court of Appeals affirmed without opinion. *State v. Dodson*, 164 Or.App. 317, 991 P.2d 581 (1999). Petitioner did not seek review by the Oregon Supreme Court.

Petitioner filed for post-conviction relief ("PCR") raising claims of ineffective assistance of trial and appellate counsel, (Respt.'s Exs. 106, 107), but the PCR court denied relief. (Respt.'s Exs. 126, 127.) Petitioner appealed, filing a *Balfour* brief with a Section B which articulated his claim that counsel's difficulty hearing denied him the right to effective assistance

of counsel.[1]   (Respt.'s Exs. 128, 129.)   The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review.  (Respt.'s Exs. 131, 133.)

Petitioner filed the instant petition on March 20, 2006, raising the following four grounds for relief:

Ground One:  Trial counsel failed to object to the use of leading and speculative questioning of the State's witness which unfairly prejudiced petitioner.

Ground Two:  Trial counsel failed to move the court to strike the testimony of the alleged victim due to the unmistakable fact that the testimony was coached by another party.

Ground Three:  Trial counsel failed to move for a mistrial and/or a new trial despite having been told that a juror had been handed a note by an observer of the trial.  This took place during the trial of petitioner when jurors were not to be having contact with members of the public.

Ground Four:  Trial counsel failed to object to the sentence imposed on the basis that it violates petitioner's right to trial.

/ / /

---

[1]Upon concluding that only frivolous issues exist on direct appeal, a *Balfour* brief allows appointed counsel to meet constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous.  *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

Respondent argues Petitioner's memorandum does not discuss the four grounds for relief raised in his petition, and, therefore, relief must be denied. (Respt.'s Response, docket #31, 3.) As to the claim Petitioner does discuss in his memorandum, Respondent contends it was not raised in the instant petition, it is procedurally defaulted, and it is meritless. (Respt.'s Response, docket #31, 4.)

<u>DISCUSSION</u>

I.   <u>Grounds for Relief not addressed by Petitioner</u>

Pursuant to 28 U.S.C. § 2248, "[t]he allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." I have reviewed the record and find Petitioner is not entitled to relief.

On habeas review, Petitioner must show that the state court determination of his claims was contrary to or an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d). A federal claim of ineffective assistance of counsel requires that the petitioner prove his counsel's performance fell below an objective standard of reasonableness and that he was prejudiced as a result of his counsel's deficient representation. *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). By not

4 - FINDINGS AND RECOMMENDATION

addressing the four claims raised in his petition in his memorandum, Petitioner has failed to show this court that the state court determination of his claims was contrary to or an unreasonable application of *Strickland*. Accordingly, habeas relief must be denied.

II. <u>Newly raised claim</u>

In his memorandum, Petitioner argues the claim that his Sixth Amendment right to counsel was violated when the case was tried by a lawyer who was deaf in one ear. A petition for writ of habeas corpus must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2, Fed. R. Governing Section 2254 Cases (2007). Petitioner did not specify the claim he argues in his memorandum in his habeas petition, although he did mention counsel's hearing problems in the supporting facts in Ground One. Even if this court recognizes the claim by giving Petitioner's *pro se* petition a very liberal reading, habeas relief is precluded because the claim is procedurally defaulted.

A. Exhaustion and Procedural Default

Generally, before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C.

§ 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). The proper factual and legal basis for the claim must be presented to the state court. *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999). In Oregon, "[a]ll grounds for post-conviction relief must be stated in the petition or in an amended petition, and 'any grounds not so asserted are deemed waived unless the post-conviction court, on hearing a later petition, finds that there are grounds for relief that could not reasonably have been raised in the original or the amended petition.'" *Bowen v. Johnson*, 166 Or.App. 89, 92-93 (2000) (quoting Or. Rev. Stat. § 138.550(3)).

If a petitioner has not "fairly presented" his federal claims in state courts, and can no longer do so under state law, then the petitioner's state-court remedies are technically exhausted. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *Johnson v. Zenon,* 88 F.3d 828, 829 (9th Cir. 1996). When state-court remedies are "technically exhausted" they are also

6 - FINDINGS AND RECOMMENDATION

"procedurally defaulted" because the state court has not had an opportunity to hear the claims before the federal court considers them. *O'Sullivan,* 526 U.S. at 842.

Federal habeas review of procedurally defaulted claims is precluded unless the prisoner can show both "cause" for the procedural default and actual prejudice, unless the prisoner demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 750. Demonstrating that a fundamental miscarriage of justice will occur requires a petitioner to establish his factual innocence. *Schlup v. Delo,* 513 U.S. 298, 329 (1995); *Calderon v. Thomspon*, 523 U.S. 538, 559 (1998); *Wildman v. Johnson*, 261 F.3d 832, 842,43 (9th Cir. 2001). A prisoner must present *credible evidence* of his innocence. *Schlup*, 513 U.S. at 327.

Petitioner's First Formal Petition for Post-conviction Relief, and his Supplemental Petition for Post-Conviction Relief did not present a claim that Petitioner's right to counsel was violated when the case was tried by a lawyer who was deaf in one ear. (Respt.'s Exs. 106, 107.) Petitioner first raised the claim in his appeal of the PCR trial court decision. (Respt.'s Ex. 129.) Because Petitioner did not first raise his claim to the PCR trial court, and he can no longer do so, it is

7 - FINDINGS AND RECOMMENDATION

procedurally defaulted.    To overcome the procedural default, Petitioner argues he is actually innocent.

B.  Actual Innocence

Relief from procedural default based on a claim of actual innocence is reserved for truly extraordinary cases.  *House v. Bell*, 126 S.Ct. 2064, 2077 (2006); *Schlup*, 513 U.S. at 324.  A petitioner's claim of innocence must be "supported . . . with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial."  *House*, 126 S.Ct. 2064, 2077 (2006) (quoting *Schlup*, 513 U.S. at 324); *Griffin v. Johnson*, 350 F.3d 956, 963 (9th Cir. 2003).  Without new evidence of innocence, "even the existence of a . . . meritorious constitutional violation is not sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."  *Schlup*, 513 U.S. at 316. Moreover, a petitioner "does not meet the threshold requirement [for relief] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* at 329.

Here, Petitioner acknowledges "investigation has not produced meaningful 'new evidence' of [his] innocence." (Petr.'s

Mem. 7.) Because Petitioner has not satisfied the stringent requirements for passing the actual innocence gateway to excuse procedural default, habeas relief as to his claim that his Sixth Amendment right to counsel was violated when the case was tried by a lawyer who was deaf in one ear is precluded.

<u>CONCLUSION</u>

For the reasons stated above, the Petition for Writ of Habeas Corpus (#2) should be denied and this action dismissed with prejudice.

<u>SCHEDULING ORDER</u>

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due July 10, 2008. If no objections are filed, the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due July 24, 2008, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this <u>25th</u> day of June, 2008.


_____
Dennis J. Hubel
Dennis J. Hubel
United States Magistrate Judge